UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
                                                                :

YOVANNY DOMINGUEZ,                                 :
                                  Plaintiff,          :
                                                              :                               19-CV-11936 (JMF)
                   -v-                                                 :
                                                              :                               ORDER OF DISMISSAL

BIG APPLE ARCHERY LANES, INC.,          :
                                  Defendant.       :
                                                              :
--------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

       The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

       In this case, the Court ordered the parties to participate in mediation at least two weeks before the initial pretrial conference, which was initially scheduled for April 22, 2020. *See* ECF No. 5. On February 28, 2020, the Court granted Defendant an extension of time to respond to the

Complaint on consent and reminded the parties of their mediation obligation.  *See* ECF No. 10.  On April 10, 2020, Defendant requested a further extension of the deadline to respond to the Complaint and an adjournment of the initial pretrial conference, in part because Plaintiff had ceased responding to communications from both Defendant (whose counsel sent emails on March 27, April 2, April 3, and April 8) and the Mediation Office (which sent emails on April 2 and April 8).  *See* ECF No. 11.  On April 13, 2020, the Court adjourned the initial pretrial conference to June 3, 2020, and ordered Plaintiff to "file a letter within two weeks confirming that he intends to prosecute this action" and warning Plaintiff that "failure to do so may result in the case being dismissed for failure to prosecute."  *See* ECF No. 12.

In light of Plaintiff's apparent total unwillingness to comply with the Court's orders, dismissal of the case is warranted.  However, given the possibility that Plaintiff's unresponsiveness is due to the current COVID-19 pandemic, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice.  *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).  Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute.  The Clerk of Court is directed to close the case.

    SO ORDERED.

Dated: April 28, 2020  
       New York, New York  
                                                    JESSE M. FURMAN  
                                          United States District Judge